```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION
```

RICKY MITCHELL,                    )
                                   )
            Petitioner,             )
                                   )
     v.                             )          No. 4:06 CV 1189 DDN
                                   )
MICHAEL BOWERSOX,                   )
                                   )
            Respondent.             )

**MEMORANDUM**

This action is before the court upon the petition of Missouri state prisoner Ricky Mitchell for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**I.  BACKGROUND**

On January 29, 2003, petitioner Ricky Mitchell pled guilty in the Circuit Court of St. Louis County to five counts of forgery. (Doc. 2 at 6; Doc. 10 at 1.)  Petitioner was also deemed a persistent offender at this time. (Doc. 2 at 6; Doc. 10 at 1.)  Petitioner was sentenced to concurrent terms of fifteen years imprisonment on all counts. (Doc. 10 at 1.)  At that time he was also sentenced to a long-term program of treatment for offenders with serious addictions under Mo. Rev. Stat. § 217.362. (Doc. 15, Ex. E.)  On April 22, 2004, the execution of petitioner's sentence was suspended and he was placed on probation until January 29, 2005. (Doc. 2, Ex. A at 2.) On January 27, 2005, a capias warrant was issued based on allegations that petitioner violated the conditions of his probation. (Doc. 2, Ex. A at 3.)  On July 7, 2005, petitioner waived his probation revocation hearing and admitted the alleged violations. (Doc. 15, Ex. K.)  Thereupon, his probation was revoked and his original fifteen-year sentences were executed. (Doc. 10, Ex. A at 2; Doc. 15, Ex. K.)

Petitioner filed a writ of prohibition and a writ of mandamus in the Circuit Court of St. Louis County. (Doc. 2 at 3-4.)  Both were

denied. (Id.) On December 15, 2005, petitioner filed for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. (Doc. 2, Ex. A at 7.) The circuit court dismissed petitioner's motion as untimely filed. (Doc. 2 at 10.) Petitioner did not appeal. (Doc. 2 at 5-6.)

Thereafter, petitioner Mitchell filed a petition for a writ of habeas corpus with this court (Doc. 2), stating one ground of relief: that his term of probation was illegal because of his persistent offender status and, therefore, the trial court lacked jurisdiction to revoke an illegal probation and execute his sentence. (Id. at 5.) Specifically, petitioner argues: (1) his probationary term failed to meet the minimum term set out in Mo. Rev. Stat. § 559.016.1 relating to the extension of terms of probation (Doc. 15 at 3); (2) his probation violates Mo. Rev. Stat. § 558.046 pertaining to the reduction of sentences and probation upon petition; and (3) that "revoking [his] illegal term of probation" violated his right to due process under the Fourteenth Amendment. (Doc. 23 at 2.)

Respondent first argues that petitioner's claim is purely a state law claim and therefore not cognizable for consideration of habeas corpus relief. Secondly, respondent argues that petitioner is procedurally barred since he did not follow proper state procedures regarding post-conviction relief proceedings and did not exhaust his state remedies. Lastly, respondent argues that placing petitioner on probation did not violate state laws. (Doc. 10 at 2-5.)

Petitioner also moves to expand the record and to order the respondent to provide a record of his efforts to exhaust his state remedies (Doc. 23), pursuant to Rules 5 and 7, respectively, of the Rules Governing § 2254 Cases in the United States District Courts. Petitioner generally requests that the record be expanded to include the state court records. Petitioner more specifically requests "all Motions filed in the Circuit Court of St. Louis County on cause numbers 02CR-1365, 05CC-6300, Missouri Court of Appeals, Eastern District, ED86434, ED86487, ED88230, and Missouri Supreme Court SC87357, along with all oppositional statements filed by the State's attorneys."

Section 2254 Rule 5(d) requires the respondent to file a copy of:

>    (1) any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;
>
>    (2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and
>
>    (3) the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

See Rule 5(d), Rules Governing Section 2254 Cases in the United States District Courts. Rule 7(a) provides: "If the petition is not dismissed, the judge may direct the parties to expand the record by submitting addition materials relating to the petition. The judge may require that these materials be authenticated." See Rule 7(a), Rules Governing Section 2254 Cases in the United States District Courts.

Respondent has filed two Notices of Filing Exhibit Attachments related to the "Response to Order to Show Cause Why the Writ of Habeas Corpus Should Not Be Granted." (Doc. 10; Doc 26.) The second such notice had petitioner's "Face Sheet" attached as Exhibit A. Petitioner argues that this filing does not comply with respondent's obligations under the above-quoted federal rules of procedure.

Whether or not respondent has complied with the procedural rules requiring production of the record, petitioner has filed extensive documentation in this action. Petitioner's materials sufficiently document the proceedings in his state case and fill any void left by respondent's filings. The court denies petitioner's motion to expand the record as moot and proceeds to the merits of petitioner's habeas petition.

## **II. DISCUSSION**

The federal habeas corpus statute grants authority to this court to consider an application for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A purely state law claim is not cognizable under the federal habeas corpus statute. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions."); Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); Evenstad v. Carlson, 470 F.3d 777, 782 (8th Cir. 2006). Furthermore, "[j]urisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law." Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994). In Poe, the petitioner claimed that the trial court had violated a Missouri statute and thus lacked jurisdiction to sentence him. Poe then argued that being sentenced by a court lacking jurisdiction denied him due process in violation of the Fourteenth Amendment. Id. The Eighth Circuit found that "[t]o reach the question of denial of due process . . . [a] court must first determine that the sentencing court has no jurisdiction. This is not, however, a determination for the federal courts when the question of jurisdiction is one of valid state law only." Id.

As in Poe, petitioner's argument that the sentencing court lacked jurisdiction is based solely on state law. Petitioner bases his claim that the sentencing court lacked jurisdiction under sections §§ 559.016 and 558.046 of the Missouri Revised Statutes. Since the question of jurisdiction based on state law is not one for federal courts, this court cannot determine whether the Missouri statutes deprived the sentencing court of jurisdiction. Consequently, this court cannot reach petitioner's claim that this alleged lack of jurisdiction violated his due process rights under the Fourteenth Amendment. Thus, there is no basis for habeas review.

For the reasons set forth above, the petition of Ricky Mitchell for a writ of habeas corpus is denied. An appropriate order is issued herewith.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 26, 2008.